CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 26 2019
JULIA C. DUDLEY, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| GARY WALL, | ) | Civil Action No. 7:16-cv-00373 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| N. STEVENS, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Gary Wall, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 against defendants associated with the Red Onion State Prison ("ROSP"). Currently pending are Defendants' Motions for Summary Judgment ("the Motions") [ECF Nos. 48, 51] and Plaintiff's Motion for Spoliation [ECF No. 55]. The Motions had been referred to a United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (the "R&R") [ECF No. 64], and Plaintiff timely filed his objections [ECF No. 65]. For the reasons that follow, I will reject Plaintiff's objections, adopt the R&R in its entirety, and deny Plaintiff's Motion for Spoliation as moot.

I. Background

Plaintiff filed the current civil action on August 10, 2016 and, after amendments, he alleged that Defendants violated various federal and state laws by retaliating against him, imposing cruel and unusual punishment, not providing adequate process, negligently investigating his accusations, and being willfully and wantonly negligent. By Order entered on January 30, 2018, I granted summary judgment in favor of Defendants on all but Plaintiff's claim of retaliation against Defendants A. Vaughan, N. Stevens, L. McCowan, and A. O'Quinn, and Plaintiff's claim

1

for supervisory liability against Defendants Lt. C. Gilbert and Sgt. J. Hall. Plaintiff alleged that Defendants Vaughan, Stevens, McCowan, and O'Quinn retaliated against him for filing complaints and grievances against them for making him submit to unnecessary strip searches, denying him showers and recreation, and filing a false disciplinary charge against him. Plaintiff alleged that Defendants Gilbert and Hall are liable as supervisors for the retaliation because they failed to prevent the retaliations.

In support of their Motions, Defendants submitted the affidavit of J. Messer, the Institutional Ombudsman at ROSP. Messer stated that she received a regular grievance from Plaintiff on February 19, 2016. Messer said that this Regular Grievance complained that Defendants Stevens and Vaughan denied Plaintiff showers on January 17, 20, 29, and 30, 2016, for noncompliance with the strip-search procedure. Messer said that Plaintiff also complained about retaliation, an investigation, and strip-search procedures in segregation. Messer stated that she rejected the grievance on intake on February 19, 2016, and returned it to Plaintiff because it contained more than one issue. Messer instructed Plaintiff to rewrite and resubmit the grievance in "simpler terms." Plaintiff did not resubmit the grievance and, instead, filed an appeal of her intake decision. The Regional Ombudsman upheld Messer's rejection. Messer asserts that she did not receive any other regular grievances from Plaintiff concerning the issues in this lawsuit and Plaintiff had not submitted any grievances for Level II response.

Meanwhile, Plaintiff stated that he resubmitted a grievance containing only one issue as instructed by Messer within the 30-day timeframe required under VDOC Operating Procedures ("OP"). Plaintiff did not specify which one issue he complained of in this grievance. Plaintiff admits that he never received a Level I response to this resubmitted grievance and he did not pursue

a Level II appeal. He contends that he did not have the information necessary to file an appeal to Level II.

Plaintiff also presented various Offender Requests and letters from early 2016. In the writings, Plaintiff complained that he was not provided with Informal Complaint forms, grievances had disappeared without responses, his attempts to utilize the grievance process to exhaust administrative remedies were being "hindered, thwarted, or denied in some fashion," and a grievance was "destroyed." Plaintiff provided several letters to the court but failed to present evidence of: (1) what claims were in the lost, destroyed, or hindered grievances; (2) that he actually mailed the letters; or (3) that Defendants received them.

In the R&R, the magistrate judge recommended granting the Motions because of Plaintiff's failure to exhaust under the Prison Litigation Reform Act ("PLRA").

## II. Standards of Review

### A. R&R

In a report pursuant to 28 U.S.C. § 636(b), the magistrate judge makes only recommendations to the court. The recommendations have no presumptive weight, and responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo review of those portions of the report to which specific objection is made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1). In the absence of specific objections to the report, the court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199-200 (4th Cir. 1983). Objections that only repeat arguments raised before a magistrate judge are considered general

3

objections to the entirety of the report and recommendation, which has the same effect as a failure to object. Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008).

## B. Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute over a material fact must be genuine, "such that a reasonable jury could return a verdict for the nonmoving party." Id.; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). As such, the moving party is entitled to summary judgment if the evidence supporting a genuine issue of material fact "is merely colorable or is not significantly probative." Anderson, 477 U.S. at 250.

The moving party bears the burden of proving that judgment on the pleadings is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). If the moving party meets this burden, then the nonmoving party must set forth specific, admissible facts to demonstrate a genuine issue of fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, the court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. Celotex, 477 U.S. at 322-324; Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). However, the nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th

Cir. 1992). The evidence set forth must meet the "substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993).[1]

### C. Section 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Notably, a plaintiff must sufficiently allege a defendant's personal act or omission leading to a deprivation of a federal right. See Fisher v. Wash. Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). Negligent deprivations are not actionable under § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327, 330 (1986); Pink v. Lester, 52 F.3d 73, 77 (4th Cir. 1995).

### III. Exhaustion

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims

---

[1] Plaintiff is proceeding pro se and, thus, entitled to a liberal construction of the pleading. See, e.g., Erickson v. Pardus, 551 U.S. 89, 90-95 (2007). However, "principles requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The Fourth Circuit has explained that "though pro se litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." Id. at 1276. "A court considering a motion [for summary judgment] can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). "'[T]he language of section 1997e(a) clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal [of unexhausted claims] rather than issuing continuances so that exhaustion may occur.'" Carpenter v. Hercules, No. 3:10cv241, 2012 WL 1895996, at *4 (E.D. Va. May 23, 2012) (quoting Johnson v. Jones, 340 F.3d 624, 628 (8th Cir. 2003)). The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reduc[es] litigation to the extent complaints are satisfactorily resolved, and improve[s] litigation that does occur by leading to the preparation of a useful record." Jones, 549 U.S. at 219. Failure to exhaust all levels of administrative review is not proper exhaustion and will bar an inmate's § 1983 action. Woodford v. Ngo, 548 U.S. 81, 90 (2006).

Ordinarily, PLRA exhaustion is mandatory. See Moore v. Bennette, 517 F.3d 717, 725, 729 (4th Cir. 2008); Langford v. Couch, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999). Nonetheless, courts are "obligated to ensure that any defects in administrative exhaustion were not procured from the action or inaction of prison officials." Aguilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); see Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). An administrative remedy is not available "if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore, 517 F.3d at 725.

VDOC Operating Procedure ("OP") § 866.1, Offender Grievance Procedure, is the mechanism used to resolve inmate complaints and requires that, before submitting a formal grievance, the inmate must demonstrate that he has made a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional

6

services or resolve complaints. If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out the appropriate form. Prior to reviewing the substantive claims of the grievance, prison officials conduct an "intake" review of the grievance to ensure that it meets the published criteria for acceptance. If the grievance does not meet the criteria for acceptance, prison officials complete the "intake" section of the grievance and return it to the inmate. The inmate may seek review of the intake decision by sending the grievance form to the Regional Ombudsman. On the other hand, if the grievance meets the criteria for acceptance, it is logged on the day it is received.

There are three levels of review for an accepted regular grievance. The Facility Unit Head of the facility in which the inmate is confined is responsible for Level I review. A dissatisfied inmate may appeal to Level II, which is conducted by the Regional Administrator, the Health Services Director, or the Chief of Operations for Offender Management Services. The Level II response informs the offender whether he may pursue an appeal to Level III, which is the final level of review.

### IV.     Analysis

In his objections, Plaintiff alleges that: (1) he had presented sufficient evidence in his First Affidavit [ECF No. 37-1], Response to Affirmative Defense [ECF No. 53], and his Motion for Spoliation [ECF No. 55] to show that the grievance process was intentionally thwarted and inhibited by prison administrators; (2) he did resubmit his grievance with one issue and he requested that rapid-eye video footage be saved to support his claim; (3) his resubmitted grievance was never logged and it was not returned with further instructions; instead, it was "TRASHED!!!"; and (4) having multiple issues in one grievance was not a proper reason to reject it because

retaliation claims, by their very nature, encompass more than one issue. Objs. 2 (citing Moore, 517 F.3d at 730).

At the threshold, Plaintiff's first three objections merely repeat arguments raised before the magistrate judge, which she rejected. Thus, those objections are considered general objections to the entirety of the report and recommendation, which has the same effect as a failure to object. Veney, 539 F. Supp. 2d at 845. Meanwhile, the magistrate judge did not directly address Plaintiff's fourth objection. In Moore, the Fourth Circuit held:

> Moore [] maintains that the district court erred in ruling that he failed to exhaust his available administrative remedies with regard to his retaliation claim. The district court determined that Moore failed to properly exhaust his administrative remedies because the only grievance he submitted concerning the facts of that claim contained multiple issues and failed to name any of the defendants in this case.
> We have already concluded that the latter ground is not a proper basis for finding that remedies have not been exhausted, and we conclude that the former basis is not valid either. At its essence, Moore's grievance was a complaint about being punished in various ways for conduct that he had never been informed of or charged with. Under these circumstances, requiring Moore to grieve each of the alleged components of his punishment separately would have prevented him from fairly presenting his claim in its entirety. Thus, we conclude that Moore's grievance was proper and the district court erred in dismissing his retaliation claim.

517 F.3d at 730. However, even though Moore held that inmates need not file individual grievances on each retaliatory act asserted in a plaintiff's § 1983 retaliation claim, the Fourth Circuit did not overrule the "single[-]issue rule." See id. at 729 ("[W]e conclude that the rejection of the grievance as violating the rule prohibiting a single grievance from being used to complain of two separate incidents certainly was well founded").

Wall is a frequent litigator and is well acquainted with the exhaustion procedure. In the rejected grievance, Plaintiff complained that Officers Stevenson and Vaughan retaliated against him by denying showers and recreation on several occasions in January, but he also challenged the

8

strip-search procedure by declaring unconstitutional anal examinations and/or the denial of showers and recreation based on anal examinations. Therefore, Messer correctly returned Wall's grievance for failure to follow the grievance procedure's single-issue rule, because he violated the rule by including a retaliation claim with another, different claim. Furthermore, Wall's appeal of the intake decision did not exhaust his retaliation claim, because he had another available administrative remedy—refiling the deficient regular grievance. Wall claims he did so and received no response. No response to a grievance does not excuse the inmate's failure to exhaust, however. When the time allotted under the procedure for a Level I response had passed, Wall could have pursued an appeal to Level II anyway. His failure to do so is undisputed. Therefore, all of his claims, including his retaliation claim, are unexhausted, as the magistrate judge found.

V.

Accordingly, I will overrule Plaintiff's objections and adopt the R&R in its entirety. I will grant Defendants' Motions for Summary Judgment [ECF Nos. 48, 51], and I will deny Plaintiff's Motion for Spoliation [ECF No. 55] as moot.

The Clerk is directed to send a copy of this memorandum opinion and accompanying Order to the parties.

ENTERED this 26th day of March, 2019.

_Jackson L. Kiser_
SENIOR UNITED STATES DISTRICT JUDGE